EPSTEIN DRANGEL LLP
6 East 45th Street, 7th Floor, New York, NY 10017
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

November 24, 2026

**MEMO ENDORSED**

**VIA ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** ***POP MART Americas Inc. et al v. Cowboy USA Corp. et al***
**Case No. 26-cv-2807 (JMF) (SLC)**
**Letter Motion to Adjourn Settlement Conference *Sine Die***

Dear Judge Cave,

We represent Plaintiffs POP MART Americas Inc. ("POP MART Americas"), POP MART (Singapore) Holding Pte. Ltd. ("POP MART Singapore") and Beijing POP MART Cultural & Creative Co., Ltd. ("POP MART Beijing") (collectively, "Plaintiffs") in the above-referenced action (the "Action").[1] Pursuant to Paragraph 9 of the Court's Standing Order Applicable to Settlement Conferences ("Standing Order") and Section I(D) of Your Honor's Individual Practices in Civil Cases ("Individual Practices"), Plaintiffs respectfully submit the instant letter motion, on consent, to request an adjournment *sine die* of the settlement conference currently scheduled for December 2, 2026, at 2:15 p.m. ("Settlement Conference"), and a corresponding adjournment of the deadline for the parties' confidential settlement letters.

On October 1, 2026, the Court issued a settlement conference scheduling order ("Scheduling Order") setting the Settlement Conference for December 2, 2026, at 2:15 p.m. and directing each party to submit its confidential settlement letter no later than today, November 24, 2026. Dkt. 36 ¶ 5; Standing Order ¶ 4.

Thereafter, on November 12, 2026, the parties appeared for a telephonic pretrial conference before Judge Furman. In accordance with Judge Furman's directives in the Order that followed the conference, Dkt. 39, the undersigned met and conferred by telephone with Defendants' counsel, Charles D. Hellman, on November 13, 2026. During that call, Mr. Hellman agreed to provide, by November 23, 2026, Defendants' financial documents or, alternatively, a declaration attesting that no such documents exist. Plaintiffs also followed up with Defendants on November 18 and 19, 2026, to discuss settlement in anticipation of the Settlement Conference and to remind Defendants of their discovery obligations, but received no response. November 23, 2026 has now come and gone, and Plaintiffs have received neither

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiffs' Complaint or Application.

the documents nor a declaration. Regrettably, this is consistent with a pattern that has persisted for months: Plaintiffs have sought Defendants' sales and financial information since May 2026, and Defendants did not meet the August 31, 2026 deadline for that information set at the August 4, 2026 conference before Your Honor, nor did they timely respond to Plaintiffs' discovery requests served on August 7, 2026. In that same Order, Judge Furman also directed Defendants to provide full and complete discovery responses by December 4, 2026. Dkt. 39. As a result, Plaintiffs still do not have the financial information needed to evaluate settlement in a meaningful way, and will not have it before the Settlement Conference.

This leaves Plaintiffs unable to participate productively in the Settlement Conference as currently scheduled. Because this request is made fewer than fourteen (14) days before the Settlement Conference, Plaintiffs provide the following reasons for the adjournment. Standing Order ¶ 9. Defendants' financial information is central to any meaningful settlement discussion. Even if Defendants were to produce documents now (and there is no assurance that they will), the intervening Thanksgiving holiday would leave Plaintiffs insufficient time to review them and confer with their clients before the Settlement Conference, and Defendants' court-ordered deadline to provide complete discovery responses does not fall until two days after the Settlement Conference. Proceeding on December 2, 2026 without this information is unlikely to be productive, and Plaintiffs do not wish to waste the Court's time and resources. An adjournment would therefore "permit discovery or exchange of information that would make the conference more fruitful." Standing Order ¶ 9(a).

Accordingly, Plaintiffs require time to review Defendants' court-ordered responses and to consult with their clients before a settlement conference can be productive. In light of that need, as well as the upcoming holidays and the schedules of counsel and the parties, Plaintiffs respectfully request that the Settlement Conference be adjourned *sine die*. Plaintiffs further respectfully propose that the parties submit a joint letter to the Court by January 15, 2027, providing an update on the status of Defendants' discovery responses and proposing mutually agreeable dates for a rescheduled Settlement Conference, which Plaintiffs anticipate could be held in or around February 2027, subject to the Court's availability. *See* Standing Order ¶ 9(a).

Pursuant to Section I(D) of the Individual Practices, Plaintiffs further state that: (1) the Settlement Conference is currently scheduled for December 2, 2026, at 2:15 p.m., and the confidential settlement letters are due today, November 24, 2026; (2) no party has previously requested an adjournment of the Settlement Conference or an extension of the settlement letter deadline; (3) accordingly, no such request has been granted or denied; (4) the reasons for this request are set forth above; and (5) Plaintiffs conferred with Defendants' counsel, and Defendants consent to this request. Other than the settlement letter deadline, the requested adjournment does not affect any other scheduled dates in the Action, including Defendants' December 4, 2026 deadline to provide complete discovery responses. *See* Dkts. 30, 39, 42; Standing Order ¶ 11. Accordingly, no proposed Revised Case Management Plan is attached.

We thank the Court for its time and attention to this matter.

Respectfully submitted,
**EPSTEIN DRANGEL LLP**

BY: /s/ Danielle S. Futterman
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
6 East 45th Street, 7th Floor
New York, New York 10017
(212) 292-5390
*Attorneys for Plaintiffs*

The Court is in receipt of Plaintiff's letter at Dkt. No. 45 regarding the parties' dispute relating to the production of documents (the "Dispute") in advance of the settlement conference scheduled for December 2, 2026 a 2:15 p.m. ET (the "Settlement Conference"). (Dkt. No. 45; see Dkt. Nos. 36; 38).

In light of the Dispute, the Settlement Conference is **CANCELLED** (see Dkt. No. 36), but the parties shall participate in a telephone conference to discuss the Dispute at the same time the Settlement Conference was to occur, **December 2, 2026 at 2:15 p.m. ET** on the Court's conference line. The parties are directed to call: (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

The Clerk of Court is respectfully directed to close Dkt. No. 45.

SO ORDERED. November 25, 2026

SARAH L. CAVE
United States Magistrate Judge